## No. 440
### CRAWFORD v. EDWARD MIRMAN et al
Ohio Appeals, Ninth Dist., Cuyahoga County
No. 604. Decided April 5, 1923

FRAUDULENT CONVEYANCE—(1) Burden of proof—(2) Failure of proof—(3) Claims or judgments obtained more than four months before petition in bankruptcy is filed—(4) State law governs validity of liens.

SAYRE, J.

#### Epitomized Opinion
This was an action by Crawford to subject a mortgage to the payment of a judgment. Crawford obtained a judgment against Edward and Esther Mirman in 1921. A mortgage was given in 1918 to Esther Mirman by one Ruzity and on Magystov for a portion of the purchase pricce of some real estate. This mortgage was cancelled in 1921, and another mortgage given to Anna Mirman, their daughter. At the time the second mortgage was executed, her parents were in failing circumstances. On March 1, 1922, Edward and Esther Mirman filed a petition in bankruptcy. More than four months before, Crawford had filed this action to set aside the second mortgage, claiming that it was fraudulently given to hinder and delay him in collecting his judgment. At the hearing, plaintiff relied on fact that the Mirmans were in embarrassed circumstances when they made the transfer, coupled with the fact that the transfer was made to the daughter. The defendants claimed that Anna had inherited the money used in purchasing the mortgaged property and that they had invested it for her. As the Common Pleas Court held for the defendants, the plaintiff appealed to the Court of Appeals. In rendering a decree for the plaintiff, the upper court held:

1. The burden of proof is upon the transferee to show that he acted in good faith, where in connection with the facts of relationship, other facts appear such as the insolvency or embarrassed circumstances of the party making the transfer.

2. As the defendants failed to show that they acted in good faith, the transfer is fraudulent in the absence of such proof.

3. If a judgment creditor of a bankrupt commences a judgment creditor's action more than four months before the petition in bankruptcy is filed, he acquires a lien on the property of the bankrupt of which he is not deprived by the bankruptcy act.

4. The state law governs the validity of liens asserted under the bankruptcy act.

Attorneys—Holloway & Chamberlain, for Crawford; C. M. Myers, for Mirman et al.